■ ANNA KOMNICK, Appellant, v FORD MOTOR COMPANY et al., Defendants and Third-Party Plaintiffs-Respondents. CITY OF NEW YORK, Third-Party Defendant. [764 NYS2d 855] —In an action, inter alia, to recover damages for breach of written and implied warranties, the plaintiff appeals (1) from an order of the Supreme Court, Queens County (Flug, J.), dated June 5, 2002, which granted the motion of the defendants Ford Motor Company, Universal Ford, and Universal Capital Corp. and the separate motion of the defendants Saulsbury Fire Rescue, Inc., Saulsbury Fire Truck Service Center, Inc., and Saulsbury Fire Equipment Corporation, for summary judgment dismissing the complaint insofar as asserted against them, and (2), as limited by her brief, from so much of an order of the same court dated September 18, 2002, as, upon granting her motion for leave to renew and reargue, adhered to its original determination.

Ordered that the appeal from the order dated June 5, 2002, is dismissed, as that order was superseded by the order dated September 18, 2002, made upon renewal and reargument; and it is further,

Ordered that the order dated September 18, 2002, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants,

appearing separately and filing separate briefs, payable by the plaintiff.

The defendants established their prima facie entitlement to judgment as a matter of law. In opposition, the plaintiff failed to demonstrate the existence of a triable issue of fact as to liability (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). Accordingly, the Supreme Court properly granted the separate motions for summary judgment. Moreover, nothing raised in the motion for leave to renew and reargue warranted a different result. Ritter, J.P., Feuerstein, H. Miller and Adams, JJ., concur.